## Case No. 8,730a.

### McCOY v. LEMONS.

[Hempst. 216.] [1]

Superior Court, Territory of Arkansas. Jan., 1833.

ADMINISTRATORS—APPEARANCE—VOLUNTARY—PROCESS.

1. The want of ten days' notice to an administrator, of the presentation of a claim to the probate court, cannot be made a ground of objection where the administrator voluntarily appears.

2. Appearances cures all defects and irregularities in process and the want of service, and dispenses with the necessity of process.

Appeal from Conway circuit court.

Before ESKRIDGE, CROSS, and CLAYTON, JJ.

OPINION OF THE COURT. McCoy, as administrator of Carlisle, made his motion before the county court of Conway county, for an allowance against Lemons, administrator of McElmurry. After a hearing of the parties, the county court sustained his motion, and allowed him five hundred dollars, with interest at the rate of six per cent. per annum, from the 29th day of October, 1825, from which Lemons appealed to the circuit court; but the appeal was dismissed on the motion of Lemons, on the ground that ten days' notice had not been given to him, according to the directions of the statute of 1825, and from which latter decision McCoy has appealed to this court.

It appears from an examination of the proceedings before the county court, that the defendant was present at the trial in that court, which, in our opinion, superceded the necessity of notice. The notice prescribed by the act of 1825, can only be considered in the light of process to bring the party into court, and of course his voluntary appearance supersedes the necessity of it. Acts Fla. 1825, p. 66. There is no principle of law better established than that the appearance of the defendant cures all defects and irregularities in process. It cures the want of service. Caswall v. Martin, 2 Strange, 1072; Wood v. Lide, 4 Cranch [8 U. S.] 180; Knox v. Summers, 3 Cranch [7 U. S.] 498. Judgment reversed.

[1] [Reported by Samuel H. Hempstead, Esq.]